UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 09-80117-Cr-Marra/Hopkins

18 U.S.C. § 1349
18 U.S.C. § 1343
18 U.S.C. § 2

UNITED STATES OF AMERICA,

Plaintiff,

vs.

ROGER C. GAMBLIN, and
PEGGY L. GAMBLIN,

Defendants.
_____/

FILED by JM D.C.

SEP 2 4 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## INDICTMENT

THE GRAND JURY CHARGES THAT:

### GENERAL ALLEGATIONS

1. On or about December 18, 1975, Flagler Title Company was incorporated in the State of Florida. Beginning at least as early as May 19, 2002, and continuing through on or about April 3, 2009, ROGER C. GAMBLIN and another individual known as E.B. were listed as the officers and directors of the corporation.

2. At least as early as on or about October 17, 1985, Flagler Title Company was registered by the state of Florida as a title agency.

3. On or about February 18, 1993, ROGER C. GAMBLIN was licensed as a title agent in the state of Florida.

4.     On or about February 18, 1993, PEGGY L. GAMBLIN was licensed as a title agent in the state of Florida.

5.     Florida Statute 624.608 defines "title insurance" as insurance of owners and others interested in real property against loss by encumbrance, defective titles, invalidity, or adverse claim to title.

6.     Florida Statute 626.841 defines a "title agent" as a person appointed by title insurers to issue and countersign commitments and policies for title insurance.

7.     Florida Statute 626.8421 requires a title agent to have a separate appointment by each insurer which appoints her as an agent.

8.     A title agent acts on behalf of the insurance company to issue title insurance in real estate transactions including collecting premiums for title insurance and issuing title insurance.

9.     Florida Statute 627.7711 defines "closing service" as services provided by a licensed title insurance agent or agency, including preparing documents necessary to close transactions, conducting closings, and handling disbursement of funds related to closings in real estate transactions in which a title commitment or policy is issued.

10.     A closing agent is appointed by banks or parties to real estate transactions to accept mortgage money from banks into their escrow account, to settle the sellers' mortgage obligations, to pay taxes and other obligations arising from the transfer of title to real property, to transfer title to property and record the deed and mortgage on behalf of the new property owners and the bank, and to pay sellers of the property the residual of the purchase money.

11. An escrow account is a bank account into which a closing agent deposits mortgage money and other moneys provided by the buyer or mortgagee to complete real estate transactions until disbursed to settle real estate transactions.

12. Chicago Title Insurance Company is a company in the business of providing title insurance for real property titles. On or about February 4, 1976, Chicago Title Insurance company appointed Flagler Title Company as a title agency for the company.

13. Lawyers Title Insurance Corporation is a company in the business of providing title insurance for real property titles. On or about November 20, 1997, Lawyers Title Insurance Corporation appointed Flagler Title Company as a title agency for the company.

14. Commonwealth Land Title Insurance Company, is a company in the business of providing title insurance for real property titles. On a date unknown but at least as early as April 15, 2008, Commonwealth Land Title Insurance Company appointed Flagler Title Company as a title agent for the company.

## COUNT ONE
## CONSPIRACY TO COMMIT WIRE FRAUD
## (18 U.S.C. §1349)

15. Paragraphs 1 through 14 of the General Allegations section of this indictment are realleged and incorporated by reference as though fully set forth herein.

16. From at least as early as July 4, 2005, and continuing through on or about May 30, 2008, the exact dates being unknown to the Grand Jury, at Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ROGER C. GAMBLIN, and**
**PEGGY L. GAMBLIN,**

did knowingly and willfully combine, conspire, confederate, agree and reach a tacit understanding with each other and with other persons known and unknown to the Grand Jury to commit the offense of wire fraud, in violation of Title 18, United States Code, Section 1343.

## OBJECT OF THE CONSPIRACY

17. It was the object of the conspiracy for the defendants to unlawfully enrich themselves by falsely representing to title companies, buyers, sellers, and mortgagees that they would perform legitimate closing services in connection with various real estate transactions, when instead the defendants fraudulently used escrow monies entrusted to their title company for their own benefit.

## MANNER AND MEANS OF THE CONSPIRACY

18. The manner and means by which defendants ROGER C. GAMBLIN and PEGGY L. GAMBLIN sought to accomplish the object and purpose of the conspiracy included, among others, the following:

    A.    ROGER C. GAMBLIN was the title agent for Chicago Title Insurance Company, Lawyers Title Insurance Corporation, and Commonwealth Land Title Insurance Company (hereinafter "the Title Companies"), in connection with numerous real estate transactions in Palm Beach County. Flagler Title Company was the closing agent for these transactions.

    B.    ROGER C. GAMBLIN and PEGGY L. GAMBLIN falsely represented to the Title Companies, the buyers, the sellers and the mortgagees involved in these transactions that Flagler Title would keep all monies provided to them in connection with these real estate transactions in escrow accounts, until such funds were to be disbursed to the appropriate entities at the time of settlement.

C.  Based on these representations, buyers, sellers and mortgagees agreed to wire transfer moneys related to these real estate transactions to Flagler Title Company escrow accounts which were controlled by ROGER C. GAMBLIN and PEGGY L. GAMBLIN.

D.  Prior to the completion of the real estate transactions, ROGER C. GAMBLIN and PEGGY L. GAMBLIN fraudulently transferred or caused others to fraudulently transfer approximately $10 million of escrow moneys from the Flagler Title Company escrow accounts to the Flagler Title Company operating account and other accounts, without obtaining approval for such transfers from the buyers, sellers or mortgagees. The funds were then used to benefit ROGER C. GAMBLIN and PEGGY L. GAMBLIN and were not available to complete the real estate transactions.

All in violation of Title 18, United States Code, Section 1349.

## COUNTS TWO THROUGH EIGHT
## WIRE AND MAIL FRAUD
## (18 U.S.C. §1343)

19.  Paragraphs 1 through 14 of the General Allegations section of this indictment are realleged and incorporated by reference as though fully set forth herein.

20.  From at least as early as July 4, 2005, and continuing through on or about May 30, 2008, the exact dates being unknown to the grand jury, in Palm Beach County, in the Southern District of Florida, and elsewhere, the defendants,

**ROGER C. GAMBLIN, and
PEGGY L. GAMBLIN,**

did knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses,

5

representations, and promises, knowing that the pretenses, representations, and promises were false and fraudulent when made, and knowingly transmit and cause to be transmitted by means of wire communications in interstate commerce certain writings, signs, signals, or sounds for the purpose of executing the scheme and artifice.

### OBJECT OF THE SCHEME AND ARTIFICE TO DEFRAUD

21.     It was the object of the scheme and artifice to defraud for the defendants to unlawfully enrich themselves by falsely representing to title companies, buyers, sellers, and mortgagees that they would perform legitimate closing services in connection with various real estate transactions, when instead the defendants fraudulently used escrow monies entrusted to their title company for their own benefit.

### THE MANNER AND MEANS OF THE SCHEME AND ARTIFICE

22.     Paragraph 18 of Count 1 of the Indictment is realleged and incorporated herein by reference as a description of the scheme and artifice, and as well as a description of the material falsehoods through which the scheme and artifice was conducted.

### USE OF THE WIRES

23.     On or about the dates enumerated as to each count, in Palm Beach County, in the Southern District of Florida, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud and for obtaining money and property by means of materially false and fraudulent pretenses, representations and promises, the defendants,

**ROGER C. GAMBLIN, and**
**PEGGY L. GAMBLIN,**

did knowingly transmit or cause to be transmitted in interstate or foreign commerce, by means of wire communications, certain writings, signs, signals or sounds, as more particularly described below in each count:

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 2 | January 31, 2007 | Wire transfer in the amount of $2,000,000.00, from Manufacturers and Traders Trust Company, Buffalo, New York, to Flagler Title Company, escrow account number XXXXXXXXX0910, at SunTrust Bank, in the Southern District of Florida, relating to the refinance of commercial property. |
| 3 | October 19, 2007 | Wire transfer in the amount of $250,000.00, from Harris Bank N.A., Chicago, Illinois, to Flagler Title Company, escrow account number XXXXXXXXX0910, at SunTrust Bank, in the Southern District of Florida, relating to the purchase of property. |
| 4 | February 15, 2008 | Wire transfer in the amount of $150,000.00, from National Republic Bank, Chicago, Illinois, to Flagler Title Company, escrow account number XXXXXXXXX0910, at SunTrust Bank, in the Southern District of Florida, relating to the purchase of property. |

| COUNT | DATE | DESCRIPTION OF WIRE COMMUNICATION |
|---|---|---|
| 5 | April 14, 2008 | Wire transfer in the amount of $100,000.00, from Bank of America, New York, New York, to Flagler Title Company, escrow account number XXXXXXXXX0910, at SunTrust Bank, in the Southern District of Florida, relating to the purchase of property. |
| 6 | April 15, 2008 | Wire transfer in the amount of $300,000.00, from Marshall and Isley Bank, Milwaukee, Wisconsin, to Flagler Title Company, escrow account number XXXXXXXXX0910, at SunTrust Bank, in the Southern District of Florida, relating to the purchase of property. |
| 7 | May 9, 2008 | Wire transfer in the amount of $193,177.03 from HSBC Mortgage Corporation, Depew, New York, to Flagler Title Company, escrow account number XXXXXX5599, at BankAtlantic, in the Southern District of Florida, relating to the refinance of property. |

All in violation of Title 18, United States Code, Sections 1343 and 2.

A TRUE BILL

FOREPERSON

*[signature]*
JEFFREY H. SLOMAN
ACTING UNITED STATES ATTORNEY

*[signature]*
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80117-Cr-Marra/Hopkins

UNITED STATES OF AMERICA

vs.

ROGER C. GAMBLIN, and
PEGGY L. GAMBLIN
        Defendant.
_____/

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

New Defendant(s)    Yes ____    No ____
Number of New Defendants   ____
Total number of counts   ____

**Court Division:** (Select One)

____ Miami    ____ Key West
____ FTL    _x_ WPB    ____ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter: (Yes or No)    NO
   List language and/or dialect

4. This case will take    7    days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)          (Check only one)

   I    0 to 5 days    ____      Petty    ____
   II    6 to 10 days    _X_    Minor
   III    11 to 20 days    ____    Misdem.    ____
   IV    21 to 60 days    ____    Felony    _x_
   V    61 days and over    ____

6. Has this case been previously filed in this District Court? (Yes or No)    No
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No)    No
   If yes:
   Magistrate Case No.    None
   Related Miscellaneous numbers:    None
   Defendant(s) in federal custody as of    No
   Defendant(s) in state custody as of    No
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)    No

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003? ____ Yes    _x_ No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007? ____ Yes    _x_ No

 

_____
ELLEN L. COHEN
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0739472

*Penalty Sheet(s) attached          REV 4/8/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>ROGER C. GAMBLIN</u>

Case No: *09-80117-Cr-Marra/Hopkins*

Counts #: 1

<u>CONSPIRACY TO COMMIT WIRE FRAUD</u>

<u>18 U.S.C. § 1349</u>

\* **Max. Penalty**: Not more than 30 years' Imprisonment; $1,000,000 fine, or both.
Five years supervised release

Counts #: 2 through 8

<u>WIRE FRAUD</u>

<u>18 U.S.C. §1343</u>

\***Max. Penalty**: Not more than 30 years' Imprisonment; $1,000,000 fine, or both.
Five years supervised release

Count #:

\***Max. Penalty**:

\***Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: **PEGGY L. GAMBLIN**

Case No: 09-80117-Cr-Marra/Hopkins

Counts #: 1

CONSPIRACY TO COMMIT WIRE FRAUD

18 U.S.C. § 1349

\* Max. Penalty:   Not more than 30 years' Imprisonment; $1,000,000 fine, or both.
                  Five years supervised release

Counts #: 2 through 8

WIRE FRAUD

18 U.S.C. §1343

\*Max. Penalty: Not more than 30 years' Imprisonment; $1,000,000 fine, or both.
                Five years supervised release

Count #:

\*Max. Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**